### In re Edward MARTINY, Susan Martiny, Debtors.

### No. 07–01839 B.

United States Bankruptcy Court, W.D. New York.

Oct. 31, 2007.

———

Thomas A. Dorey, Esq., Lakewood, NY, Trustee.

Peter D. Grubea, Esq., Buffalo, NY, for the Debtors.

### *DECISION & ORDER*

CARL L. BUCKI, Bankruptcy Judge.

The chapter 7 trustee objects to the debtors' claim of a homestead exemption. This dispute involves two issues: whether the debtors may exempt their homestead despite a pre-existing intent to sell the property; and whether the debtors may enhance the value of their homestead exemption by reason of their use of non-exempt assets to reduce balances due on outstanding mortgages.

After suffering the failure of their business, Edward and Susan Martiny found it necessary to restructure their financial affairs. Consequently, they resolved both to

---

file a petition for relief under chapter 7 of the Bankruptcy Code and to sell their residence at 90 East Terrace Avenue in Lakewood, New York. Before finalizing either step, Mr. and Mrs. Martiny used $36,000 of otherwise non-exempt assets to reduce the balances due on obligations secured by mortgages on their home. These payments occurred on May 1 and May 2 of 2007. Then, on May 8, 2007, Edward and Susan Martiny filed a joint bankruptcy petition. Although they had already contracted to sell their residence to a third party, the debtors still lived on the premises. Accordingly, in schedules filed with their bankruptcy petition, the debtors claimed a homestead exemption. On May 21, the debtors moved to compel the trustee's abandonment of the East Terrace property, so that they might consummate the proposed sale. As an interim measure, the debtors and their trustee agreed to close the transaction, but to place the net proceeds into escrow until a resolution of the trustee's present objection to the claim for a homestead exemption.

The property at 90 East Terrace Avenue sold for $255,000. After satisfaction of the outstanding mortgages and tax liens and after payment of the various costs of sale, the transaction yielded net proceeds of $67,078.59. Mr. and Mrs. Martiny assert that this entire sum is subject to a homestead exemption. Meanwhile, the trustee contends that the pre-petition character of the sale contract shows a lack of intent to maintain the property as a homestead. Hence, the trustee urges the court to deny any exemption for the real estate. Alternatively, the trustee argues that the court should deny an exemption for at least the sum of $36,000, that being the amount that the debtor paid against mortgage liens immediately prior to the bankruptcy filing.

■ Section 522 of the Bankruptcy Code allows individual debtors to exempt certain assets from administration as property of the bankruptcy estate. Pursuant to 11 U.S.C. § 522(b)(2) and Debtor and Creditor Law § 284, however, the State of New York has exercised the option to prohibit use of the exemptions listed in 11 U.S.C. § 522(d). Accordingly, Mr. and Mrs. Martiny may claim only the exemptions referenced in 11 U.S.C. § 522(b)(3). These allowed exemptions generally include any property that is exempt under state law, 11 U.S.C. § 522(b)(3)(A), as well as "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). In these regards, New York Debtor and Creditor Law § 282 allows debtors in bankruptcy to exempt all real property that is "exempt from application to the satisfaction of money judgments" under section 5206 of the Civil Practice Law and Rules. Subdivision (a) of this later section grants an exemption for real property "not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence."

On the day that they filed their bankruptcy petition, Edward and Susan Martiny resided in their real property at 90 East Terrace Avenue. Nothing in C.P.L.R. § 5206(a) even suggests that the homestead exemption is to be conditioned on an intent for long term residency. Rather, the statute allows an exemption to any owner who resides on the property on the date of bankruptcy. In as much as Mr. and Mrs. Martiny owned the property jointly, they may each receive an exemption for $50,000 of equity value, for a total exemption of $100,000.

■ The trustee has cited no provision of the Bankruptcy Code or of the New

York statute which prohibits pre-bankruptcy planning for the purpose of maximizing the exemptions allowed to a debtor. Rather, for instances where the state has preempted the federal list of exemptions, 11 U.S.C. § 522(b)(3)(A) looks to state exemptions applicable "on the date of the filing of the petition." Similarly, 11 U.S.C. § 522(b)(3)(B) recognizes exemptions for interests that the debtor has in property "immediately before the commencement of the case." Thus, the statutes focus on the status of ownership as of the moment of bankruptcy filing, and not as of the date of any pre-petition event. Absent evidence of fraud, the court will allow any recognized exemption for assets that debtors own at the commencement of the bankruptcy proceeding, even when the debtors may have enhanced the value of that exemption by reason of careful planning with the advice of counsel. 4 COLLIER ON BANKRUPTCY ¶ 522.08[4] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 15th ed. rev.2005). Indeed, this policy accurately fulfills the intent of Congress. The legislative history for section 522 states that "the debtor will be permitted to convert nonexempt property into exempt property before filing a bankruptcy petition.... The practice is not fraudulent as to creditors, and permits the debtor to make full use of the exemptions to which he is entitled under the law." H.R. REP. No. 95–595, at 363, to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), *reprinted in* BANKRUPTCY CODE, RULES & OFFICIAL FORMS, at 268 (Thompson West 2007).

In the present instance, the trustee expresses concern for the magnitude of transfers to enhance the homestead exemption. While the sum of $36,000 may seem excessive to the trustee, the New York legislature expressed no similar compunction when in 2005 it increased the homestead exemption from $10,000 to $50,000 per person. In as much as the State of New York has approved a $50,000 exemption for the equity of a homestead occupied by a debtor on the date of the bankruptcy filing, no basis exists to disallow an exemption that Mr. and Mrs. Martiny have enhanced to a level within the statutory limit.

For the reasons stated herein, the objection of the trustee is overruled. The debtors shall retain their exemption in the net proceeds from the sale of their homestead, up to the limit of $50,000 per person, or $100,000 for the joint interests of the debtors. Accordingly, the escrow holder is directed to release the sum of $67,078.59 to Edward and Susan Martiny.

So ordered.